IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CITY OF ALBANY, | Case No. 6:18-cv-00073-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CH2M HILL, INC., | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff City of Albany brought suit against defendant CH2M Hill, Inc. ("CH2M") in Linn County Circuit Court alleging claims for breach of contract, professional negligence, attorney fees, and reckless misrepresentation. Defendant removed this case to federal court on the basis of diversity jurisdiction. (doc. 1) Plaintiff now seeks remand of the case back to state court based on the exclusive language of the venue selection clause in the agreements between the parties. For the reasons set forth below, plaintiff's Motion to Remand (doc. 5) is GRANTED.

/ / /

/ / /

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff initially filed this lawsuit in the Circuit Court of the State of Oregon, Linn County. The complaint alleges claims for breach of contract and professional negligence, attorney fees, and reckless misrepresentation against defendant.

Plaintiff contracted defendant's professional engineering services to design and oversee the construction of two infrastructure projects for a new wastewater treatment plant and a 30-acre wetland. The first agreement between the parties was signed on May 15, 2005, whereby plaintiff engaged defendant's services related to modifications to Albany's wastewater treatment system. The second agreement was signed on October 12, 2006, whereby plaintiff engaged defendant's engineering services related to the design of a constructed wetland that would reduce the temperature of effluent from the treatment facility before its discharge into the Willamette River. Both agreements contained identical venue selection clauses providing that: "The laws of Oregon shall govern the validity of this agreement, its interpretation and performance, and other claims related to it. Venue for litigation shall be in Linn County, Oregon."[1]

Defendant removed the action to federal court in the District of Oregon, Eugene Division, asserting diversity jurisdiction. Plaintiff is an Oregon municipal corporation located within Linn County, Oregon. Defendant is a Florida corporation, with its principal place of business in Colorado. Plaintiff filed the present motion to remand arguing the venue selection clause in the two agreements mandates Oregon Circuit Court in Linn County as proper venue for their dispute. Defendant argues that the venue selection clause in their agreements can be considered either permissive or mandatory, but under either interpretation, the clause allows for this suit to remain before this Court.

---

[1] This language is found under "Article XIV: COURT OF JURISDICTION" in the 2005 agreement and "Article XVIII. COURT OF JURISDICTION" in the 2006 agreement.

Page 2 – OPINION AND ORDER

## STANDARDS

Federal law is applied in interpreting a venue selection clause in federal court. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Forum selection clauses in commercial contexts are prima facie valid. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Pelleport Inv'rs., Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984). Forum selection clauses are not set aside "unless the enforcement is shown by the resisting party to be unreasonable under the circumstances." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989). "To establish unreasonableness of a forum selection clause the party resisting enforcement of the clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Pelleport*, 741 F.2d at 281 (citing *Bremen*, 407 U.S. at 18).

The "plain language of the contract should be considered first." *Doe 1*, 552 F.3d at 1081 (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.1999)). In considering the plain language of the contract, "common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)).

## DISCUSSION

Plaintiff asserts that because the language of the venue selection clause lists Linn County, Oregon as venue for litigation and no federal district court sits in in Linn County, the Circuit Court in Linn County is the exclusive venue for litigation. Thus, plaintiff argues that the language of the clause is mandatory and must be enforced. Defendant avers that the language of the clause is ambiguous and thus it must be construed against plaintiff, the drafter of the contract.

Defendant also argues that the ambiguous language of the clause means that it can be construed as both permissive and mandatory, but in either case, it cannot preclude venue in federal court.

I must first determine whether the clause is mandatory or merely permissive. The Ninth Circuit directs that a venue selection clause must contain mandatory and exclusive language in order to require litigation of disputes in a particular court. *See Hunt Wesson Foods*, 817 F.2d at 78. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Counsel of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). However, where venue is not specified with exclusivity, the clause is permissive. *Hunt Wesson Foods*, 817 F.2d at 77.

Where venue is defined with specific language, the clause is mandatory. *Docksider*, 875 F.2d at 764. *Docksider* involved a license to distribute equipment manufactured by the defendant which included a forum selection clause stating that "venue . . . shall be deemed to be *in* Gloucester County, Virginia." 875 F.2d at 763 (emphasis added). The court there found the clause mandatory based on this additional language as "indicating the parties' intent to make jurisdiction exclusive." *Id.* at 764. Thus, the court noted that the defendant had not only consented to the jurisdiction of state courts of Virginia but also further agreed to the Gloucester County, Virginia as the venue for litigation. *Id.*

*Docksider* can be contrasted with the Ninth Circuit's decision in *Pittsburgh-Des Moines Steel Co.* There, the Circuit panel vacated a district court's remand order in an action to confirm an arbitration award filed in California state court, finding that the forum selection clause at issue was permissive. *Pittsburgh-Des Moines Steel Co.* 69 F.3d at 1036, 1038. The language in the forum selection clause in that case read that the arbitration decision ". . . shall be enforceable . . . in the Superior Court of the City and County of San Francisco, State of California." *Id.* at 1036.

The Ninth Circuit panel opined that "shall be enforceable" was not enough to make the clause mandatory absent additional language, such as, "venue . . . shall be deemed to be in" or "cases may only be litigated only in" a particular venue. *Id.* at 1037. Since there was no language "clearly requiring exclusive jurisdiction," the clause was permissive, not mandatory. *Id. See also Hunt Wesson Foods*, 817 F.2d at 77 (holding that despite the use of "shall," which is a mandatory term, the language in the forum selection clause was permissive as it granted a particular court jurisdiction, but not exclusive jurisdiction).

I find that the venue selection clause at issue is in this case is mandatory. The language of the clause is clear that the specific forum for litigation is Linn County, Oregon. Further distinguishing *Pittsburgh-Des Moines Steel Co.* is that the enforceability language in that was also followed by the language "petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California." *Pittsburgh-Des Moines Steel Co.*, 69 F.3d at 1036. This language in *Pittsburgh-Des Moines Steel Co.* suggests that what enforceability clause modifies is the ability to file the petition to confirm arbitration, not the ability to file a lawsuit with respect to that particular arbitration award. By way of comparison, no language modifies the command to litigate issues arising out of the agreements in Linn County in this case. The clause in this case is exclusive in prescribing Linn County as the venue for all litigation and thus is more akin to the clause at issue in *Docksider*.

Defendant also argues that this Court could still hear this case because Linn County is located in the Eugene Division of the District of Oregon.[2] In a notable case, the Ninth Circuit interpreted a forum selection clause providing "exclusive jurisdiction and venue . . . in King

---

[2] Defendant further notes that simply because there is no federal courthouse in Linn County, I would not be precluded from conducting proceedings in Linn County pursuant to 28 U.S.C. § 141(a)(1) ("Special sessions of the district court may be held at such places in the district as the nature of the business may require, and upon such notice as the court orders.")

Page 5 – OPINION AND ORDER

County" as providing venue in both state and federal courts. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) (holding "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county"). There the court affirmed the district court's denial to remand to state court. *Id.* at 1207. The court noted that when the forum selection clause at issue used "the preposition 'in,' the contract contemplates federal as well as state courts as proper courts for adjudication." *Id.* at 1206. The court further opined that "when a federal court sits in a particular county, the district court is undoubtedly 'in' that county." *Id.* While the *Simonoff* court did use the "in" language in the forum selection clause to keep the suit in federal court, it was mainly concerned with the geographical limitations provided in the forum selection clause. *Id.* The venue prescribed by contract was King County, Washington, where both federal and state courts are situated. Thus, the court held that it made sense to construe the clause as allowing suit in both state and federal courts in *Simonoff*.

I also note that other courts have examined this issue and taken a similar approach to *Simonoff* and remanded cases where the federal court did not sit in the county specified in a forum section clause. *See, Stone v. Cty. of Lassen*, 2013 WL 269085, at 3 (E.D. Cal. 2013) ("A forum selection clause stating that venue 'shall be in' a particular county means that venue lies in state court when there is no federal court in that particular county—even though that county may be part of a judicial district whose courthouse lies elsewhere."); *Neighborcare Health v. Porter*, 2012 WL 13049188, at 4 (W.D. Wash. 2012) (the court stated that the action should have been filed in a court located within geographical boundaries of the county chosen by the parties as forum for litigation and no federal district court sits in Thurston County, Washington); *Garza Aviation Servs., LLC v. Cty. of Yuma*, 2011 WL 6012967, at 4 (D. Ariz. 2011) (removal of suit to

a federal district court that did not sit in the county specified in the forum selection clause was improper); *Air Ion Devices, Inc. v. Air Ion, Inc.*, 2002 WL 1482665, at 3 (N.D. Cal. 2002) (suit was remanded back to state court in Marin County, California which was prescribed as the exclusive venue for litigation in the forum selection clause).

Unlike the forum contracted by the parties in *Simonoff*, here the parties' forum is located in Linn County where no federal court is located. The language with respect to exclusivity is clear in this case. The clause expressly provides that Linn County, Oregon shall be the venue for litigation. Given that no federal court sits in Linn County, removal to federal court is improper in this case.

Defendant further argues that plaintiff cannot meet its burden to prove that the parties intended the venue clauses to effectively waive federal jurisdiction. Defendant believes that the ambiguity in the clause is sufficient basis to construe it against plaintiff, the drafting party. However I have found that the language of the clause is clear, and the venue selection clause is mandatory. Further, even if the language of the clause was ambiguous, the Ninth Circuit recognizes that courts should enforce venue selection clauses absent evidence of factors such as "overweening bargaining power." *Spradlin v. Lear Siegler Mgmt. Servs. Co.*. 926 F.2d 865 (9th Cir. 1991). Here, there is no evidence of overweening bargaining power or disparity among the parties to trigger the need to find the venue selection clause unenforceable. Defendant is a sophisticated business entity, and it had notice of the venue selection clause when it entered into the two agreements. Finally, defendant has not shown that it was it was induced to enter into this agreement through means such as fraud.

Defendant next asserts that it would not have intended to waive its right for federal removal because, as a resident of the state of Florida litigating in front of a jury pool from Linn

County, it could face a risk of bias as the jury could have an indirect interest in the outcome of the litigation. Additionally, defendant also contends that due to prohibition on expert discovery in Oregon state courts and the technical nature of the underlying services performed by defendant giving rise to this claim, it would never have intended to waive its right to a federal forum. Defendant raises valid concerns for why it might have chosen not to waive its right to a federal forum. However, because the forum selection language of the agreements was clear at the time defendant signed them, it "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013). Absent ambiguous language, defendant cannot find harbor in the risks it alleges.

Plaintiff also moves the Court to order defendant to pay its reasonable attorney fees in making this motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court, and bad faith need not be demonstrated. Further, because the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retain[s] jurisdiction after remand to entertain Plaintiff's motion for attorney's fees." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir.1992). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The court denies plaintiff's request for attorneys' fees in making this motion to remand. Though ultimately unsuccessful, I find that a reasonably objective basis existed for defendant to seek removal. I also find that defendant did not act in bad faith.

Finally, defendant requests this Court for a stay of any remand order pending its appeal to the Ninth Circuit. It argues that the remand order could raise serious questions concerning the legal effect of state court proceedings that occur while a federal appeal is pending, creating a risk of duplicative and potentially futile proceedings. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, a remand order based on a forum selection agreement is appealable as a collaterally final order. *Pelleport*, 741 F.2d at 277–78. The policy underlying the general nonreviewability rule of § 1447(d) is to prevent delay by protracted litigation over jurisdictional issues. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976).

The Court finds that this issue is not adequately addressed in the current briefing. Moreover, defendant has not filed a formal motion for a stay. Therefore, the Court will grant a temporary stay in entering a final judgment in this case to allow defendant an opportunity to file an initial motion for stay pending appeal. The Court is also cognizant of plaintiff interest in preventing further delay and so shall consider any such motion on an expedited basis. This will allow the parties to present fully articulated arguments on this matter without undue delay.

///

///

///

///

///

## CONCLUSION

Plaintiff's motion to remand is GRANTED and plaintiff's further request for attorney's fees on this motion is also GRANTED. Defendant shall have 14 days to file a formal motion for stay pending an appeal. The Clerk is ordered to withhold entering final judgment in this case for 14 days or until the Court has resolved any formal motions for a stay, whichever is later.

IT IS SO ORDERED.

Dated this 30th day of March 2018.

Ann Aiken
United States District Judge