IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CITY OF ALBANY, | Case No. 6:18-cv-00073-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CH2M HILL, INC., | |
| Defendants. | |

AIKEN, Judge:

Plaintiff City of Albany ("the City") brought suit against defendant CH2M Hill, Inc. ("CH2M") in Linn County Circuit Court alleging claims for breach of contract, professional negligence, attorney fees, and reckless misrepresentation. Defendant removed this case to federal court on the basis of diversity jurisdiction. (doc. 1) Plaintiff successfully moved to remand the case back to state court based on the exclusive language of the venue selection clause in the agreements between the parties. (doc. 11) Defendant now seeks to stay the remand for the pendency of it's appeal in the Ninth Circuit. For the reasons set forth below, defendant's Motion for Stay (doc. 14) is GRANTED.

//

Page 1 -- OPINION AND ORDER

## BACKGROUND

The background of this case has been covered extensively in the previous order. In summary, the substance of the lawsuit concerns an engineering contract between plaintiff, City of Albany ("the City"), and defendant, CH2M Hill, Inc. ("CH2M") to oversee the construction of two infrastructure projects: a new wastewater treatment plant and a 30-acre wetland. The City initially filed this lawsuit in Linn County, Oregon, pursuant to a forum selection clause in the contracts at issue. Defendant removed the action to federal court in the District of Oregon, Eugene Division, asserting diversity jurisdiction (doc 1).[1]

The parties made two agreements, the first on May 15, 2005, and the second on October 12, 2006. Both agreements contained identical venue selection clauses, as follows: "The laws of Oregon shall govern the validity of this agreement, its interpretation and performance, and other claims related to it. Venue for litigation shall be in Linn County, Oregon."[2] Plaintiff filed a Motion to Remand (doc. 5) arguing the venue selection clause in the two agreements mandates Oregon Circuit Court in Linn County as proper venue for their dispute.

I agreed, and granted the remand motion on March 30, 2018. (doc. 11) I also ordered a temporary stay so that this formal motion could be brought and briefed. Defendant argues that this Court should stay that remand until the defendant's appeal has proceeded in the Ninth Circuit, because of the risk of duplicative litigation. Plaintiff contends that the stay is unnecessary, as success on the merits is unlikely and the City would prefer a speedy resolution of the matter in light of its' mounting costs.

///

---

[1] Plaintiff is an Oregon municipal corporation located within Linn County, Oregon. Defendant is a Florida corporation, with its principal place of business in Colorado.

[2] This language is found under "Article XIV: COURT OF JURISDICTION" in the 2005 agreement and "Article XVIII. COURT OF JURISDICTION" in the 2006 agreement.

## LEGAL STANDARD

The granting of a stay is entirely at the discretion of the Court. "A stay is not a matter of right, even if irreparable injury might otherwise result . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (internal quotation marks omitted) (citations omitted) (alterations normalized). "The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Secretary of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (*en banc*). Court's consider four factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014) (internal quotation marks omitted).

The first two factors carry more weight as "the most critical," and the latter two are addressed only when the movant offers a strong showing on the first two. *Nken v. Holder*, 556 U.S. 418, 434-35.

While the analysis for stays and preliminary injunctions are similar, "a stay simply suspends judicial alteration of the status quo, . . . injunctive relief grants judicial intervention that has been withheld by lower courts." *Id.* at 429 (internal quotation marks omitted) (alterations normalized).

///

///

///

## DISCUSSION

Defendant asserts that the interests of comity between the state and federal courts require a stay of the remand while CH2M's appeal proceeds, and that an immediate remand may harm defendant's right to an appeal.

The first two factors described in the above standard carry more weight in the analysis, and so I must first address likelihood of success on the merits, and then the potential for injury to defendant if the stay is denied. *Nken*, 556 U.S. at 435. On the merits: where venue is defined with specific language, the clause is mandatory, *Docksider Ltd. v. Sea Technology Ltd.*, 875 F.2d at 762, 764, and I have found the clause at issue is specific.

However, the Ninth Circuit has interpreted a forum selection clause providing "exclusive jurisdiction and venue . . . in King County" as providing venue in both state and federal courts. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011). Unlike in this case, however, both federal and state courts are situated in King County, and hence the court in *Simonoff* held that it made sense to construe the clause as allowing suit in both state and federal courts. *Id.* While the clause at issue here lists Linn County, Oregon as venue for litigation, no federal district court sits in in Linn County.

Relying on that factual distinction, the defendant characterizes the question of the clause's construction in a county without a federal courthouse as a question of first impression for the Ninth Circuit, thereby making the showing that the appeal raises the "serious legal questions" required for a stay. *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998).

While this Court found the clause mandatory, meaning that the Circuit Court in Linn County is the exclusive venue for litigation, the defendant contends that the Ninth Circuit has not directly addressed the question of a forum selection clause's exclusivity in the instance that no

federal court sits in the county listed as the forum by the contract. In my previous order, I noted that other courts have examined this issue, and have remanded cases where the federal court did not sit in the county specified in a forum section clause. However, the showing of a serious legal question on appeal is all that is required to tip the scales towards the stay, and the defendant has shown this.

Turning to the second factor, the potential injury to defendant should the stay be denied, I find that the risk of duplicitous litigation also cuts in favor of the stay. While the City would prefer to move their case forward in Oregon state court without delay, the timeframe for the appeal is not so arduously long that it creates an unnecessary burden on the City. Meanwhile, the risk of parallel proceedings could result in much greater eventual delay and complications for both parties.

Plaintiffs indicated that further delay could result in increased hauling costs for the City, as it is forced to resort to offsite dispose of wastes that cannot be processed at the wastewater treatment plant. However, should the City succeed in the lawsuit, these costs will certainly be tallied as damages. Despite passing mention of "environmental damage," no irreparable injury was briefed by the city. Therefore this factor, too, weighs in favor of the stay.

Finally, the public interest lies in granting the stay because of the potential expenditure of judicial resources on duplicative proceedings. Should defendant prevail in the appeal, and the Ninth Circuit reverses the previous order to remand, any state proceeding occurring in the interim could be rendered moot. Without a stay, the remand order could raise serious questions concerning the legal effect of state court proceedings that occur while a federal appeal is pending, creating a risk of potentially futile proceedings, supremacy problems, and legal

headaches for all parties and both state and federal courts. In an abundance of caution, these risks can be avoided by granting the stay.

The factors for determining the issuance of a stay tip in favor of the defendant here. The Court will grant a stay in entering a final judgment in this case to allow for the appeal to proceed in the Ninth Circuit without the complication of simultaneous litigation in Oregon state court.

## CONCLUSION

Defendant's Motion to Stay (doc. 14) is GRANTED. The Clerk is ordered to withhold entering final judgment in this case until the Ninth Circuit has resolved the appeal in Case No. 18-35282 (doc. 18).

IT IS SO ORDERED.

Dated this 9th day of Octobert 2018.

Ann Aiken
United States District Judge